**TOLEDO** (City), Plaintiff, v. RANSOM, Defendant.

Municipal Court, Lucas County.

No. T 229260. Decided July 28, 1960.

Gordon A. Holder, Asst. Director of Law, Toledo, for plaintiff.
Steven L. Markowski, Milton N. Swanson, for defendant.

## OPINION

By DRISCOLL, J.

The above-entitled cause came on for consideration of the court on the motions of defendant for a new trial and for judgment notwithstanding the verdict of the jury finding the defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor in violation of Section 21-6-9 of the Toledo Municipal Code.

The defendant cites in her motion for a new trial nineteen specifications of error and subdivisions thereof, many of which are entirely without merit. The balance thereof, in the aggregate, presents three issues warranting comment.

As to one such issue, counsel for defendant maintains that it was prejudicial error for the court, immediately following the calling of the case for trial, to overrule the motion to dismiss the entire venire. The evidence in this connection is that the jury commissioners, in accordance with long established practice, met with the deputy clerk of court and determined a key number for the selection of names from the current but uncertified poll books, in this instance, the fourth name from the bottom and the fourth name from the top of each page of registered voters in precincts within the city limits, as shown on the current but uncertified poll books furnished to the clerk of the court by the Board of Elections. Thereafter, the said deputy clerk took complete charge of the examination and selection of prospective veniremen. He summoned the designated persons whose names were either the fourth from the top or the fourth from the bottom on the said pages in the poll books. The examinations of those persons who appeared thereafter, pursuant to summons, were conducted entirely by the deputy clerk. The names of the prospective veniremen whom he determined to be qualified for jury service were placed in the jury wheel. The jury wheel was retained in the office of the clerk under the deputy's complete custody and control, subject to the drawing of the names of veniremen for jury service in several cases and in the instant case. Obviously this established practice is not in compliance with Rule 25 of this court, nor with the statutes controlling the selection of veniremen for jury service in the court of common pleas. However, since the decision in this case turns on a more significant issue, this specification of error is of no import except for the purpose of observation and consideration should the issues in this case be retried before another jury or in the event the decision in this case is prosecuted to an appeal.

Counsel for defendant also represents in his motion for a new trial and in his brief that the trial court abused its judicial discretion in ordering the call of the summoned veniremen for jury service in chronological order as their names were drawn from the jury wheel and in ordering a body attachment for one who failed to attend the trial and answer upon voir dire examination. In this connection, the court entertains the opinion that it is the duty of the court to exercise its judicial authority and power to assure the defendant of a jury drawn and called by lot in accordance with the tenor of the law to the end that the defendant not only will have but will be assured that he has the selection of a jury of his peers impressed with the responsibilities of a juror, and without the defendant demanding the exercise of such powers to the defendant's prejudice or with his feeling of jeopardy. On this issue we find no prejudice and no error.

In the motion for a new trial, and in the motion for judgment notwithstanding the verdict, counsel for the defendant claims that the ordinance, Section 21-6-9, is unconstitutional in that it contravenes the provisions of §§4511.19, 4511.99 (B) R. C., as to penalties. The

question of the constitutionality of the ordinance was not raised at any time prior to calling the case for trial.

The authority for the enactment of the ordinance is in the so-called Home-Rule Amendment to the Constitution of the State of Ohio. **Article XVIII, Section 3**, provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such **local police**, sanitary and other similar regulations, **as are not in conflict with general laws.**" (Emphasis supplied.)

It is noted that Section 21-6-9 of the Municipal Code of the City of Toledo provides:

"No person who is under the influence of intoxicating liquor or narcotic drugs, or opiates shall operate or be in actual physical control of any vehicle, street car or trackless trolley within this city.

"Every person who is convicted of a violation of this section shall be punished by a fine of not more than Five Hundred Dollars or imprisonment in the county or municipal jail for not more than six months, or both such fine and imprisonment."

It is noted also that there is a distinction between the penalty provisions in the ordinance and the penalty provided in the state law.

**Sec. 4511.19 R. C.**, provides:

"No person who is under the influence of intoxicating liquor, narcotic drugs, or opiates shall operate any vehicle, streetcar, or trackless trolley within this state."

**Sec. 4511.99 (B) R. C.**, provides: '

"Whoever violates §4511.19 R. C., shall be fined not more than five hundred dollars and imprisoned in the county jail or workhouse **not less than three days** nor more than six months **and no court shall suspend the first three days of any sentence provided for under this section.**" (Emphasis supplied.)

Significantly, the state statute makes mandatory an imprisonment of at least three days; whereas, the ordinance permits the trial court to exercise discretion in imposing punishment. In other words, the ordinance permits what the state statute prohibits, that is the exercise of judicial discretion. In effect the ordinance enacted by the city council is an amendment to the statute enacted by the state legislature.

Whether the ordinance or the statute is more rational and judicious, and whether the statute will stand the test of constitutional attack directed to content or form, is not in issue in his case. However, the presumption that the statute is constitutional must be entertained. (**City of Xenia v. Schmidt, 101 Oh St 437; Leis v. Cleveland Ry. Co., 101 Oh St 162; L. and M. Investment Co. v. Cutler, 125 Oh St 12; 86 A. L. R. 707; 8 O. Jur. 162, Section 63.**) This is particularly true since the conviction in this case is under the ordinance; and, therefore, the ordinance and not the statute is subject to the present attack on grounds of constitutionality.

The conflict of a municipal ordinance with a state statute recently appeared in **City of Cleveland v. Betts, 168 Oh St 386**, decided December 31, 1958. The Supreme Court had before it a situation where the municipality passed an ordinance against carrying concealed weapons and

provided a penalty of not less than two hundred dollars nor more than five hundred dollars and imprisonment of not less than three months nor more than six months or both. Sec. 2923.01 R. C., provided for the offense of carrying concealed weapons a penalty of imprisonment in the penitentiary for not less than one nor more than three years. In its syllabus, the Supreme Court stated:

"Section 3, Article XVIII, Ohio Constitution, authorizes municipalities to adopt and enforce within their limits only such local police regulations as are not in conflict with general laws, and a municipal ordinance which makes the carrying of concealed weapons a misdemeanor is in conflict with a general statutory enactment making the identical offense a felony, and is invalid."

It will be observed that the latter part of the rule in the foregoing syllabus pertains to a felony being made a misdemeanor. This fact is incidental to the principle and constitutes an observation of the court and not a limitation or a restriction on the application of the rule stated in the first part of the syllabus. This conclusion is supported by the statements in the opinion by Judge Zimmerman. After quoting the Home-Rule Amendment, Article XVIII, Section 3, Ohio Constitution, he states:

"It is, therefore, apparent that a police regulation in a municipal ordinance may not validly contravene a statutory enactment of general application throughout the state and must give way if it is in conflict therewith."

It is clear that the ordinance, in effect, is an amendment of the state law for the provincial purposes of the municipality. It is obvious that the ordinance is more beneficial to the municipality, at least for the purpose of raising funds rather than incurring expenses for imprisonments. As Judge Zimmerman observed in the case of the Cleveland ordinance, the practical matter involved in the ordinance may be desirable "but we cannot ignore those provisions of organic and statutory law which preclude such a result."

It is worthy of note that one may be convicted and punished for the violation of a constitutional ordinance and that fact is not a bar against a conviction and punishment on the same set of circumstances constituting a violation of a state statute or a federal law. As Chief Justice Weygandt stated in writing the opinion in the case of State v. Martin, 154 Oh St 539; 43 O. O. 501:

"It is elementary law that one act may constitute several offenses, for example, under a municipal ordinance, a state statute and a federal statute."

For further reference see 12 O. Jur., Page 226, Paragraph 191.

Reviewing the record in this case, and particularly the testimony, the verdict of the jury is approved; but, as a consequence of the unconstitutionality of the ordinance, it cannot be affirmed.

Because it would be futile to grant a new trial on an unconstitutional criminal law, the motion for a new trial is denied ,However the motion for judgment notwithstanding the verdict is granted for the reasons stated herein.

The affidavit is dismissed and the defendant is discharged.